**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 17a0141n.06**
**No. 16-5771**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BRAD HENDRIX, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Mar 03, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEKALB COUNTY BOARD OF EDUCATION; | ) | COURT FOR THE MIDDLE |
| MARK WILLOUGHBY, Individually and in his | ) | DISTRICT OF TENNESSEE |
| official capacity as Director of Schools for DeKalb | ) | |
| County, Tennessee, | ) | OPINION |
| | ) | |
| Defendants-Appellees. | | |

**BEFORE:** COLE, Chief Judge; STRANCH and DONALD, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Brad Hendrix, a teacher employed by the DeKalb County Board of Education, alleges that the Board and former Director of Schools Mark Willoughby retaliated against him in violation of the First Amendment. In March 2011, in his capacity as an elected county commissioner, Hendrix voted against a purchase of land requested by the Board. Hendrix alleged that Defendants thereafter took several actions against him in retaliation for his vote, including not hiring him as the Supervisor of Attendance in June 2013. Hendrix filed suit in May 2014 under 42 U.S.C. § 1983. The district court granted summary judgment to Defendants. We **AFFIRM**.

We review grants of summary judgment de novo. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012). To succeed on a First Amendment retaliation claim, a

plaintiff must first make a prima facie case that he engaged in constitutionally protected speech or conduct, the defendant took adverse action against him, and there was a causal connection between the two—that is, the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Only causation is at issue in this case.

The district court concluded that Hendrix's claims were subject to a one-year statute of limitations, such that claims arising from any alleged adverse actions prior to May 2013 were time-barred. Hendrix does not raise the statute of limitations issue in his opening brief, nor has he submitted a reply to Defendants' arguments on that issue. Therefore, Hendrix has waived claims regarding adverse actions occurring before May 2013. *See id.* at 403 n.18 (deeming an issue waived because it was not presented in the party's initial appeal brief).

Only one alleged adverse action occurred within the one-year period: Willoughby's June 2013 decision not to hire Hendrix as the Supervisor of Attendance. Hendrix and two others applied for the position. All three had the required qualifications. Willoughby explained that he selected Joey Reeder because Reeder was the only candidate who had served as an attendance supervisor previously. Willoughby also stated that, if not Reeder, he would have selected David Gash, who had seven years of other administrative experience. Had Hendrix been the sole applicant, Willoughby noted that he would have reposted the position because of his concerns about Hendrix's own attendance record.

To establish the prima facie case for his First Amendment retaliation claim, Hendrix needed to show that Willoughby's June 2013 hiring decision was caused, at least in part, by Hendrix's March 2011 vote. The district court concluded that Hendrix failed to establish causation because the twenty-seven-month time gap was too large. Although temporal proximity

alone can sometimes create a genuine issue of material fact as to causation, we have repeatedly found that time gaps smaller than twenty-seven months are insufficient without other evidence. *See, e.g.*, *Dye v. Office of the Racing Comm'n*, 702 F.3d 286, 306 (6th Cir. 2012) ("A lapse of more than two years between the protected activity and the adverse employment action is simply insufficient to show a causal connection based solely on a temporal-proximity theory."); *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 401 (6th Cir. 2010) (eight-month gap was not "close temporal proximity" given the totality of the circumstances).

Hendrix argues on appeal that a plaintiff may establish a prima facie causal connection by "coupl[ing] temporal proximity with other evidence of retaliatory conduct." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008). This general proposition is correct, but Hendrix failed to provide other evidence tying Willoughby's hiring decision to Hendrix's vote. No documentary or deposition evidence suggests that Hendrix's vote influenced Willoughby or played any role in Willoughby's decision-making. Willoughby's declaration stated the basis of his hiring decision and explained that it was in no way based on Hendrix's vote. When the school principal, Bill Tanner, was asked whether it seemed that Hendrix's problems with Willoughby started around the time of his vote, or whether there was any correlation between the vote and Hendrix's problems, Tanner said no. Tanner also testified about Hendrix's improper actions that led to his problems with school administrators.

Furthermore, Willoughby's explanation for his hiring decision is supported by the record. Willoughby selected one out of three qualified candidates, and Hendrix has not disputed that the selected candidate had the most relevant experience. Willoughby stated that he would not have hired Hendrix as Supervisor of Attendance because of Hendrix's own attendance problems. Hendrix admitted that he had used sick leave for multi-day golf trips in multiple years, including

2012, despite knowing that such leave was not permitted for recreational purposes. Although Hendrix suggested in the district court that at least some of these trips were recommended by his doctor for mental health reasons, he provided no citation to the record to support this assertion. Hendrix also did not dispute that—in violation of school rules—he left school functions early twice between his vote and the hiring decision. One of those incidents resulted in a three-day suspension, and the other in a written reprimand. Hendrix has failed to provide any evidence that the suspension or reprimand were motivated by his vote, or that Willoughby's failure to hire him was not related to his absences.

For these reasons, we **AFFIRM** the district court's grant of summary judgment to the Defendants.